## THE GREEN BAY & MISSISSIPPI CANAL COMPANY VS. HEWETT, JR., and others.

*April 6 — May 10, 1882.*

DEED: *Contradictory clauses: Rule of construction.*

M., being absolute owner of certain land, conveyed it by a deed which declares in the granting clause that he "releases, quit-claims and conveys to (plaintiff) and its successors and assigns forever, all his claim, right, title and interest of every name and nature, legal or equitable, in and to " said land. A subsequent clause declares that " the interest and title intended to be conveyed by this deed is only that acquired by said M. by virtue of " a certain described deed previously executed to him, and which (it is here assumed) conveyed to him only an undivided half of the land. *Held,* that the two clauses are inconsistent; that the granting clause must prevail; and that M.'s whole interest in the land passed by the deed.

APPEAL from the Circuit Court for *Outagamie* County. Ejectment against *Henry Hewett, Jr., Wm. P. Hewett, Peter Reuter* and *Alexander Reuter,* to recover certain land in Outagamie county. The complaint is in the usual form. The defendants answered jointly, admitting that the defendants *Reuter* were in possession of the land claimed, as tenants of the defendants *Hewett,* and denying that the plaintiff owned the land or was entitled to the possession of it, or that the defendants unlawfully withhold the possession thereof from it. The action having been tried without a jury, the court found for the plaintiff on the whole issue, and judgment was ordered and entered for the plaintiff for the recovery of the land claimed. The defendants appealed from the judgment.

*David S. Ordway,* of counsel for the appellants, argued, among other things, that in the construction of deeds every part of the language ought, if possible, to take effect, and every word to operate. *Blossom v. Ferguson,* 13 Wis., 75; *Wright v. Day,* 33 id., 266; *Allen v. Holton,* 20 Pick., 458.

And such effect is to be given to the instrument as will effectuate the intention of the parties, if the words which they employ will admit of it. *Hathaway v. Juneau*, 15 Wis., 264. In the deed in question the conveyance is, first, of all interest in the premises. These words are uncertain and indefinite. They may include either the whole of the premises or only a part divided, or an undivided part or interest. There is nothing, thus far, to show what is the extent of the interest; and if followed by full covenants even, the grant would not be extended, but the grant would limit and control the covenants. *McNear v. McComber*, 18 Iowa, 14; *Allen v. Holton*, 20 Pick., 462, and cases cited in brief of counsel; *Coe v. Person Unknown*, 43 Me., 436. We must therefore go outside of the deed, or to other parts of it, to learn what was the extent of the interest conveyed. See *Walsh v. Trevanion*, 15 Ad. & El., N. S., 734 (69 Eng. C. L., 733); *Barney v. Miller*, 18 Iowa, 466. Notwithstanding there may be a general description which, standing alone, might be complete, definite and unambiguous, yet where it is followed by words in, or which make part of, the description — words which are a part of the granting portion of the deed, and which limit or control, or are intended to limit or control, the general words first used,— in such case the whole language of the deed is to be construed together. *Nutting v. Herbert*, 35 N. H., 121; *Thorndike v. Richards*, 13 Me., 430; *Tenny v. Beard*, 5 N. H., 58; *Barnard v. Martin*, id., 536; *Woodman v. Lane*, 7 id., 241; *Clough v. Bowman*, 15 id., 504; *Drew v. Drew*, 8 Foster, 489; *Tyler v. Moore*, 42 Pa. St., 374; *Wager v. Wager*, 1 S. & R., 374; *Doe v. Porter*, 3 Pike, 18, 57. The construction contended for by respondent would strike out the whole clause which states the intention of the grantor, and force an operation of the deed which is directly contrary to the declared intent. The question is not how far the *habendum* may be allowed to control the grant, but how far, and when, general words of the premises will be con-

trolled or modified by other words by way of limitation found also in the premises. Such limitations are valid, and are not to be held repugnant. *Abbott v. Holway*, 13 Cent. L. J., 491; *Drown v. Smith*, 52 Me., 142; *Wyman v. Brown*, 50 id., 139; *Steel v. Steel*, 4 Allen, 417; *Drew v. Drew*, 8 Foster, 513. The reference to the sheriff's deed is not for the purpose of ascertaining the property or land conveyed, for that is set out in the deed with certainty and particularity, but for the purpose of defining the extent of interest and title conveyed. Where the reference to another deed is for such purpose, the whole property mentioned in the deed referred to will not pass. *Willard v. Moulton*, 4 Greenl., 14; *Carpenter v. Millard*, 38 Vt., 10. The words, "only," "solely," are words of limitation. *Horner v. Railway*, 38 Wis., 165. See also *Ousby v. Jones*, 73 N. Y., 621; *Bates v. Foster*, 59 Me., 157; *Pike v. Monroe*, 36 id., 315.

*Moses Hooper*, for the respondent, argued, among other things, that the true interpretation of the deed gives to the plaintiff all of Martin's title to the lands. The claim that the clause referring to the sheriff's deed limits the prior clause, can be sustained only on the ground that the two clauses are in conflict with each other, and that the latter controls. There is no exception or reservation. *Cutler v. Tufts*, 3 Pick., 272, 277; *Payne v. Parker*, 10 Me., 178. We must seek such an interpretation of the whole instrument as will effect the intention of the parties, as shown by their words. *Johnson v. Ins. Co.*, 39 Wis., 96; *Rickman v. Carstairs*, 5 B. & Ad., 663; *Hathaway v. Juneau*, 15 Wis., 264; *Farmers' L. & T. Co. v. Commercial Bank*, id., 468; *Neff v. Rains*, 33 id., 691; Lieber's Hermeneutics, 299; *Furbush v. Goodwin*, 25 N. H., 425; 2 Parsons on Con., 493–4, 499, 500. Appellants cannot claim the benefit of the rule giving emphasis to written clauses as against printed clauses. This entire deed is in writing. Neither can they claim that the granting words are those in common use, and the restraining

words are unusual. The granting words are unusual, peculiar, emphatic, complete and certain. *Coe v. Person Unknown*, 43 Me., 436; *Allen v. Holton*, 20 Pick., 464; *McNear v. McComber*, 18 Iowa, 15; Shep. Touch., 98. If they are restrained or impinged on, it can only be by giving paramount force to other contradictory words. This would be contrary to all rules of interpretation. Among the rules which forbid it, are these: 1. In cases of doubtful meaning or conflicting expressions, the conveyance is to be construed most strongly against the grantor, and most favorably to the grantee. *Vilas v. Reynolds*, 6 Wis., 214; Broom's Leg. Max. (7th ed.), 593–4; 4 Greenl. Cruise, 302 (255); 2 Bl. Comm., 380; R. S., secs. 2151, 2154, 2206, 2278; Shep. Touch. (Preston's ed.), 88 N. (81); *Bartholomew v. Bushnell*, 20 Conn., 281; *Adams v. Frothingham*, 3 Mass., 361; *Worthington v. Hylyer*, 4 id., 205; *Cocheco Co. v. Whittier*, 10 N. H., 311; *Watson v. Boylston*, 5 Mass., 418; *Field v. Huston*, 21 Me., 69. 2. In cases of conflicting clauses in a deed or contract, the former of such clauses controls the latter. 4 Greenl. Cruise, 174 (127),. 300 (244); 23 Am. Jur., 257, 290; 24 id., 1, 16; *Barney v. Miller*, 18 Iowa, 466; *Drew v. Drew*, 8 Foster, 489, 513; 2 Parsons on Con., 513; *Crosby v. Bradbury*, 20 Me., 66; Shep. Touch., 88; 18 Cal. 359; 32 Ga. 529. 3. Effect should be given to all clauses of the deed, if possible. *Blossom v. Ferguson*, 13 Wis., 78; 2 Parsons on Con., 505–6. This can only be done by construing the clause relating to the sheriff's deed to limit the covenants of warranty and not the grant. *Blossom v. Ferguson, supra; Bates v. Foster*, 59 Me., 157; *McNear v. McComber*, 18 Iowa, 14; *Nutting v. Herbert*, 35 N. H., 121. 4. A grant of an estate cannot be defeated by a limitation as to quantity of estate. *Thompson v. Jones*, 4 Wis., 110; *Hathaway v. Juneau*, 15 id., 264; *Barney v. Miller*, 18 Iowa, 466; *Tyler v. Moore*, 42 Pa. St., 374; *Drew v. Drew*, 8 Foster, 513; 36 Me., 309; 17 Cal., 44; *Webb v. Webb*, 29 Ala., 588; 4 Greenl. Cruise, 307 (247), title 32, ch. 20, secs. 26–28;

The Green Bay & Mississippi Canal Co. vs. Hewett, Jr., and others.

id., title 32, ch. 21, secs. 75, 76; 23 Am. Jur., 278; *Cutler v. Tufts*, 3 Pick., 277.  5. A grant in general cannot be restrained by an exception in general.  1 Coke's Inst., 47a; *Stukeley v. Butler*, Hob., 168; 4 Kent's Comm. (3d ed.), 468; 2 Bl. Comm., 298; *Pynchon v. Stearns*, 11 Met., 312.

There was also a brief for the respondent by *Sloan, Stevens & Morris*, and oral argument by *Mr. Stevens* and *E. Mariner*.  They argued, *inter alia:* The deed by its granting clause conveys all the interest of the grantor in the land described, including the premises in question.  This description is clear and unambiguous.  Assuming an intention to convey all interest which Martin had in the land, no words can be added which will express that intention more clearly, and none taken away without making it less clear.  The words, " to the canal company, its successors and assigns forever," in the premises of the deed, make the grant complete without aid from the *habendum* clause.  Such clause is necessary only when words defining the estate granted are not incorporated in the premises.  Here, the *habendum*, otherwise unnecessary, confirms with the greatest possible clearness an intention to convey all interest whatsoever which the grantor might have in the property.  Following an exception, worded as follows: " Excepting from said property all that portion thereof conveyed by the party of the first part to the United States of America, by deed of even date herewith," it confirms all balance or remainder of the property to the company, " together with all and singular, the appurtenances and privileges thereunto belonging or in any wise appertaining, and all the estate, right, title, interest and claim whatsoever," of the grantor.  To sustain the appellants' claim, the words, " the interest intended to be conveyed," etc., must be held to reserve and withdraw from the grant some portion of the property previously granted, or to modify the first clear and unambiguous description by a second description covering part of the property only and leaving in

Martin the part not covered. But they are not apt words of reservation or exception, as they do not purport to reserve to, the grantor any portion of the property granted. Followed by a reservation expressed in apt words, they were evidently chosen *ex industria*, and were not intended as a reservation. The incorporation in the deed of a reservation, clearly and aptly expressed, showed the intention to convey the balance or remainder of property not so reserved. Nor are they apt words of description. They neither indicate boundaries of land, nor a portion, divided or undivided, of the estate. If the intention was to convey an undivided half only, the property should have been so described by apt words. *Cook v. Wesner*, 1 Cin. Sup. Ct., 249; *Miner's Appeal*, 61 Pa. St., 283; *Cutler v. Tufts*, 3 Pick., 272; *Stevens v. Johnson*, 55 N. H., 405; *Drew v. Drew*, 28 id., 489; *Wilcoxson v. Sprague*, 51 Cal., 640; *Dodge v. Walley*, 22 id., 224; *Hibbard v. Hurlburt*, 10 Vt., 173; *Carpenter v. Millard*, 38 id., 10; *Woodman v. Lane*, 7 N. H., 241; *Holman v. Holman*, 66 Barb., 215; *Kirk v. Burkholtz*, 3 Tenn. Ch., 421; *Walsh v. Trevanion*, 15 Q. B., 734; *Barney v. Miller*, 18 Iowa, 460; *Hathaway v. Juneau*, 15 Wis., 263; *Esty v. Baker*, 50 Me., 331; *Lodge v. Lee*, 6 Cranch, 237; *Berry v. Billings*, 44 Me., 416; *Budd v. Brooke*, 3 Gill, 234; *Wade v. Deray*, 50 Cal., 376; *Gittings v. Hall*, 1 Har. & J. (Md.), 14; *Mills v. Catlin*, 22 Vt., 98; *Evans v. Temple*, 35 Mo., 494; *Klaer v. Ridgway*, 86 Pa. St., 534; *Petition of Young*, 11 R. I., 636; *Hubbard v. Apthorp*, 3 Cush., 419; *Coogan v. Burling Mills*, 124 Mass., 390; *Stukeley v. Butler*, Hob., 168; *Bridger v. Pearson*, 45 N. Y., 601; 3 R. S. N. Y. (5th ed.), part 2, ch. 1, title 5, sec. 2. The words were designed mainly to qualify the covenants. *Bridger v. Pearson, supra; West Point Iron Co. v. Reymert*, 45 N. Y., 707; *Bates v. Foster*, 59 Me., 157; *Hill v. Lord*, 48 id., 95; *Morrison v. Wilson*, 30 Cal., 344; *Holman v. Holman*, 66 Barb., 215; Rawle on Cov., 487–525; 2 Jones on Mortg., sec. 146; *Allen v. Holton*, 20 Pick., 458; *Blossom v. Ferguson*, 13 Wis., 75.

The Green Bay & Mississippi Canal Co. vs. Hewett, Jr., and others.

LYON, J.   The plaintiff company claims title to the whole of the land in controversy under a deed from Morgan L. Martin to it, executed in February and recorded in May, 1873.   The defendants *Hewett* claim title to an undivided half of the same land under a deed to them executed by said Martin, and recorded in January, 1880.   For the purposes of the case it will be assumed that Martin was the absolute owner of the land, in fee, when he executed the deed thereof to the plaintiff in 1873, and that he derived title to an undivided one-half thereof by a deed theretofore executed to him by one Lawe, who then owned the same, and to the other undivided half by a deed dated December 23, 1871, executed to him by one Evarts, sheriff of Outagamie county, pursuant to a sale thereof on execution.   The deed from Martin to the defendants *Hewett* purports to convey the same tract conveyed to him by Lawe.   This deed puts the title to the undivided half which Martin derived from Lawe in the defendants *Hewett*, unless that interest passed to the plaintiff company by virtue of the deed of 1873.

Whether that interest did so pass to the plaintiff under that deed is the controlling question in the case, and the only one it is necessary to determine.   By the deed of 1873, Martin " released, quit-claimed and conveyed to the plaintiff, and its successors and assigns, forever, all of his claim, right, title and interest of every name and nature, legal or equitable, in and to all of the following described property."   (Then follows a description of the land in controversy.)   Thereinafter we find this clause: " The interest and title intended to be conveyed by this deed is that, and that only, acquired by said Morgan L. Martin by virtue of a deed executed to him by Almeron B. Evarts, sheriff of said Outagamie county, dated December 23, 1871."   These are the only clauses in the deed of 1873 which affect the question under consideration.   The solution of this question is not without difficulty, but it is made less difficult

by the arguments of the learned counsel on both sides, which display great learning, research and ability. Counsel for the defendants maintain that the granting clause in the deed of 1873 is ambiguous, and have predicated an argument there-upon, and cited many adjudications to support it, that in such a case the last clause above quoted must control the construction of the deed. We cannot adopt the position of counsel. It seems very clear to our minds that the granting clause is not ambiguous. It conveys to the plaintiff, in express terms, all of Martin's " claim, right, title and interest, of every name and nature, legal or equitable, in and to all of the following described property," being the land in controversy. It is not perceived that Martin could have employed plainer or more certain language to effectuate his purpose and intention to convey *all* of his interest in *all* of the land in controversy to the plaintiff. On the assumption that the sheriff's deed conveyed to Martin only an undivided half of the land, the clause last quoted is equally free of ambiguity. It is a plain, unmistakable expression by Martin of his intention to convey to the plaintiff only an undivided half of the land.

The rule has been invoked that deeds and contracts should be construed in accordance with the intention of the parties to them. But that is subject to this other rule, that if the instrument is free of ambiguity, such intention must be ascertained from the language of the instrument itself. In such cases, as was tersely said by Lord DENMAN in *Rickman v. Carstairs*, 5 B. & Ad., 651 (663), " the question is, not what was the intention of the parties, but what is the meaning of the words they have used." Or, as was said with equal terseness by the late Justice PAINE, in *Farmers' Loan & Trust Co. v. Commercial Bank*, 15 Wis., 463 (480), " the sole duty of construction is to find out what was meant by the language of the instrument." See also *Hubbard v. Marshall*, 50 Wis., 322, and cases cited.

Looking to the language employed in the deed of 1873,

we find two conflicting intentions clearly expressed — one just as clearly and emphatically as the other. In the granting clause the grantor expresses an intention to convey his whole interest in the land, while in the other clause he expresses an intention to convey only an undivided half of his interest therein. It may here be observed that the last clause is neither an exception nor reservation, as those terms are defined in the law of conveyances. The most that can be claimed for it is, that it performs the office of an *habendum*. Yet it scarcely performs that office. It seems to be nothing more than a mere declaration of intention by the grantor in conflict with that already expressed by him in the premises or granting clause of his deed.

Which of these two conflicting clauses in the deed of 1873 should prevail? This question must be determined by rules of law other than those already mentioned governing the construction of deeds. One of these rules is, that a deed is always construed most strongly against the grantor. 4 Greenleaf's Cruise, Real Prop., p. 302, tit. 32, ch. 20, § 13. Another is, that where there are two clauses in a deed, and the latter is contradictory to the former, the former shall stand. This is an application of the ancient rule or maxim that "the first deed and the last will shall operate." Id., p. 300, tit. 32, ch. 20, § 9. As, where a feoffment in fee is made to A. during the life of B., the words "during the life of B." will be rejected because they are contrary to the fee. Id., p. 307, § 6. If the subsequent clause in the deed of 1873 is regarded as an *habendum*, then we have this rule laid down by Cruise in the title above cited (ch. 21, §§ 75, 76): "Where the *habendum is repugnant and contrary to the premises*, it is *void*, and the grantee will take the estate given in the premises. This is a consequence of the rule already stated, that deeds shall be construed most strongly against the grantor; therefore he shall not be allowed to contradict or retract, by any subsequent words, the gift or grant made in the premises.

Thus, if lands are given in the premises of a deed to A. and his heirs, *habendum* to A. for life, the *habendum* is void, because it is utterly repugnant to and irreconcilable with the premises."

Applying either of the above rules to the deed of 1873, it results that the premises or granting clause therein controls the other clause which conflicts with it, and hence that the deed conveyed to the plaintiff the whole of Martin's interest in the land in controversy. The foregoing are doubtless, to some extent, arbitrary rules of construction, and, because they are so, should not be resorted to except in cases of absolute necessity. If from the whole instrument the true intention of the parties can be gathered, that intention should prevail; but where, as in this case, two conflicting intentions are plainly and unequivocally expressed, there is no alternative but to construe it by these rules, even though they may be arbitrary rules.

We have not found it necessary to refer to the numerous cases cited by the respective counsel. In many of those cases cited by counsel for the defendants, the courts found that there was ambiguity in the granting clauses which left the courts free to effectuate the intentions expressed in the subsequent clauses, or the granting clauses contained some reference to such subsequent clauses, showing an intention that the latter should control. It is believed that our views of the case are sustained by the great weight of authority. Certainly they are sustained by many of the cases cited by counsel for the plaintiff, among which is *Pynchon v. Stearns*, 11 Met., 316, which is a very instructive case on the question now under consideration. See also the cases there cited.

We conclude that the circuit court correctly found the issues for the plaintiff. The judgment must be affirmed.

*By the Court.*— Judgment affirmed.