[Dickson, et al. v. Van Hoose, et al. and Van Hoose, et al. v. Dickson, et al.]

# Dickson, *et al.* v. Van Hoose, *et al.*
# and
# Van Hoose, *et al.* v. Dickson, *et al.*

## *Ejectment.*

(Decided Nov. 26, 1908.   47 South. 718.)·

1. *Deeds; Construction.*—Where the real intention of the parties can be gathered from the instrument itself arbitrary rules will not be applied in construing a deed.

2. *Same.*—Deeds of bargain and sale founded on valuable consideration will be construed most strongly against the grantor and in favor of the grantee.

3. *Same; Conflicting Provisions.*—The words of the granting clause will prevail where there is a conflict between the prefatory words, the granting clause and habendum clause of the deed.

4. *Same; Estate Conveyed.*—A deed conveyed whatever interest the grantor had in the property, where the prefatory words recited that the grantor possessed a life estate therein, the habendum clause recited that the grantee was to have and to hold all and singular the life estate and interest in the grantor, but the granting clause was absolute in its terms and granted all the right, title, interests, estate, possession, claim and demand of the grantor in and to the property.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Action by Annie E. Dickson and others against G. W. Van Hoose and others. From a judgment for plaintiffs for a one-third interest in the property and defendants for two-thirds interest, both plaintiffs and defendants appeal. Reversed and rendered on defendants' cross-appeal.

The record presents no disputed evidence of fact. The plaintiffs sue as heirs at law of Barton F. Dickson, who died May 10, 1904. The defendants claim through a deed executed on December 4, 1883, by B. F. Dickson to one George A. Searcy, and from him by mesne conveyances

to the present defendants. They also claim through a deed from Cadet Fiquet and W. F. Fiquet, and by limitation and prescription. The history of the property is briefly as follows: Charles J. Fiquet, the former owner of the property, died in 1867, and left the property by will to his wife, Mary A., his son, Cadet D., and his daughter, Kate E., Fiquet jointly. In June, 1881, Kate E. Fiquet married B. F. Dickson, who previous to his marriage to Kate E. renounced all his marital rights in her property. Subesquent to the marriage, and before her death, she, by proper deed of conveyance, conveyed this property to her husband, B. F. Dickson, and she died in 1882. Dickson at once took possession of the property, and afterwards conveyed it to George A. Searcy, from whom by mesne conveyances it reached Van Hoose and Perkins. In 1888, upon a written declaration by Mary A. Fiquet that a partition of the property had been made giving to Kate E. Fiquet these stores, but that no conveyance had been made by herself and Cadet D. Fiquet to Kate E., Van Hoose purchased from Cadet D. and W. F. Fiquet all their interest in the property present and prospective, and received a warranty deed therefor. The present plaintiffs are the children of B. F. Dickson by his second marriage, and they base their claim upon the introductory recitals of the deed from Dickson to Searcy, which they claim show a reservation in Dickson, their father, of a reversionary interest in the property. After the institution of another suit in equity against Mrs. Whittaker to quiet her claim, an instrument was filed for record purporting to be a conveyance from Mary A. and Cadet Fiquet to Kate E. Fiquet, and dated January 1, 1881. It does not appear from the record where this deed came from nor by whom it was filed. It further appears that since March, 1883, defendants and their privies have been in

continuous, adverse possession under claim of fee sim-
ple ownership. The trial court held that a one-third in-
terest in the property was in Van Hoose and Perkins by
virtue of their purchase from Cadet and W. F. Fiquet,
and that there was a reservation in the deed from Dick-
son to Searcy to the heirs of Dickson after the termin-
ation of the life estate. The holding of a one-third in-
terest in defendants and cross-appellants seems to have
been upon the theory that Van Hoose purchased Cadet
D. Fiquet's one-third interest in fee without notice of
the unrecorded deed from him to his sister Kate E., and
that by the recital of the deed to Searcy, plaintiff's an-
cestor, Dickson caused Van Hoose to purchase from
Cadet D. and W. F. Fiquet their ostensible interest as
heirs of their deceased sister.

HENRY FITTS, for appellant. At the most the deed
conveyed only a life estate. The following cases state
the cardinal rule of construction.—*Hamner v. Smith*,
22 Ala. 438; *May v. Ritche*, 65 Ala. 602; 13 Cyc. 606.
604; 34 Moss. 152; 16 Cent. digest, 316; 133 N. C. 207;
19 Pick. 250; *McCombs v. Stephenson*, 44 South. 86;
Devlin on Deeds, Sec. 835; 38 Cal. 481; *Campbell v.
Noble*, 110 Ala. 394; *Powell v. Glenn*, 21 Ala. 458;
*McWilliams v. Ramsey*, 23 Ala. 816. As to how the reci-
tals of the deed must be regarded counsel cite the fol-
lowing.—*Mason v. Ala. Iron Co.*, 73 Ala. 270; *Haywood
v. Perrin*, 10 Pick. 228; *Emerson v. White*, 29 N. H. 482;
*Spurrier v. Parker*, 55 Ky. 274; *Coleman v. Beach*,
97 N. Y. 545; *Grubb v. Grubb*, 9 Lanc. Bar. 109. and
authorities supra.

ORMON SOMERVILLE, J. J. MAYFIELD and DANIEL COL-
LIER, for appellees. The entire deed can be read-
ily harmonized consistently with a grant of the

free. The first and cardinal rule for the construction of a deed, as clearly stated by Brickell, C. J., is "to ascertain, if possible, from the language employed, the intention of the parties, and then give effect to such intention, if it can be done without violotion of law."—*Campbell v. Gilbert*, 57 Ala. 570; 17 A. & E. Ency. Law, p. 7. In the case of a will, or a deed of gift, it is of course the intention of the *grantor only*, with which the court is concerned, as in *Hamner v. Smith*, 22 Ala. 433.

All rules of construction unite in supporting the grant of a free. We refer first to the rule *"contra proferentem.' '* As said by this Court. "It is a sound rule of interpretation that all instruments should be taken *contra proferentem.*—against him who gives, or under takes, or enters into an obligation."—*Seay v. McCormick*, 68 Ala. 549. And "Doubtful terms are construed most strongly against the grantor, *ut res magis valeat quem pereat."*— *Chambers v. Ringsstaff*, 69 Ala. 140. We call attention next to a rule for the interpretation of deeds which is, we assume, mandatory upon our courts, viz. § 1020, Code of 1896 ( § 3396, Vol. 2, Code 1907) : "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, *unless it clearly appears that a less estate was intended."* The force and effect of this statutory rule are well exemplified in the case of *Hunter v. Murfee*, 126 Ala. 123.

We cite the following authorities in support of our thesis above stated:—*Webb v. Webb*, 29 Ala. 606; *McMillan v. Craft*, 135 Ala. 148; *McCombs v. Stephenson*, (Ala.) 44 So. 867, 869; *G. B. and M. C. Co. v. Hewitt*, (Wis.) 42 Am. Rep. 701; *Maker v. Lazell*, (Me.) 23 Am. St. Rep. 795; *Hobbs v. Payson*, (Me. 1893) 27 Atl. 519; *McLennan v. McDonnell*, 78 Cal. 273; *Moran v. Somes*,

(Mass. 1891) 28 N. E. 152; *Dick Co. v. Sherwood Co.*,
157 Ill. 325, 327; *Wisconsin Bank v. Milkin*, (Wis.) 60
Am. St. Rep. 88; *Smith v. Crosby*, (Tex.) 40 Am. St.
Rep. 818; Devlin on Deeds, §§ 838 a, 838 b, 838 c; 17 Am.
and Eng. Ency. Law, p. 8, notes 1 and 6; Ib., top p. 6;
24 Am. and Eng. Ency. Law, p. 59; 9 Am. and Eng.
Ency. Law, pp. 139—140.

DENSON, J.—Charles J. Fiquet died in Tussaloosa
county in 1867, leaving a last will and testament. He
left surviving him a widow and several children. He
devised the property here in dispute to his widow. Mary
Ann, his son, Cadet D., and his daughter, Kate E.
Fiquet. On January 1, 1881, according to plaintiffs'
contention, Mary Ann and Cadet D., conveyed their in-
terests in the property to Katie E. In June, 1881, Katie
E. Fiquet intermarried with Barton F. Dickson; he hav-
ing at a time shortly prior to the marriage, but in con-
templation of it, renounced his marital rights in the
property of the said Katie E. It is shown by the evi-
dence that subsequent to the marriage Katie E., execut-
ed to her husband, the said Barton F. Dickson, an ab-
solute conveyance of all of her property, and that she
died without issue in January, 1882. Dickson took pos-
session of the property after his wife's death, and on the
4th of December, 1883, sold and conveyed the property
involved in this litigation to George A. Searcy, whence,
by mesne conveyances, defendants claim to have title
to the property. Barton F. Dickson married a second
time. He died May 10, 1904, leaving surviving him three
children by the second wife, who are the plaintiffs in
this case, and who claim title to the property sued for as
the only heirs at law of their father.

Under the proof contained in the record, whether or
not they have shown title to the property depends upon

the construction which should be placed upon the deed executed by Dickson to Searcy; the precise point being whether that deed conveys only an estate terminable on the death of the grantor or an estate in fee. That the deed may be the more easily referred to, and its contents better kept in mind, we transcribe it here: "Whereas the late Mrs. Katie E. Dickson, now deceased, was seised and possessed in her lifetime in fee of the real property hereinafter described—the same then being a part of the corpus of her statutory separate estate under the laws of Alabama. And whereas Barton F. Dickson, who was the husband of the said Mrs. Kate E. Dickson, dec'r, has survived her; and under and by virtue of the laws of said state became entitled to the use and occupation of said real property for and during the term of his natural life; and (since the death of said Mrs. Kate E. Dickson), he has been in the quiet and undisturbed possession and enjoyment of the same. And whereas said Barton F. Dickson has agreed to sell to said Geo. A. Searcy his life estate and interest in the real property aforesaid. This indenture made and entered into between Barton F. Dickson, party of the first part, and George A. Searcy, party of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of two thousand five hundred dollars, lawful money of the United States of America, to him in hand paid by the party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained and sold, and by these presents doth grant, bargain and sell unto said party of the second part and to his heirs and assigns forever, all of the right, title, interest, estate, possession, claim and demand whatsoever, as well in law as in equity, (of, in and to the following described real property) of said party of the first part, and of every part and par-

cel thereof, with the appurtenances, that is to say. That portion (here follows the description of the property conveyed, it being all the property in dispute, which description we omit). To have and to hold all and singular the life estate and interest which said party of the first part hath in the above mentioned and described premises together with the appurtenances, and no more, unto said party of the second part, his heirs and assigns forever. In witness whereof said party of the first part hereunto sets his hand and seal this 4th day of December, 1883."

It is true the real inquiry in the construction of a deed is to establish the intention of the parties, especially that of the grantor; but a corrollary to this rule is that the intention must, if possible, be gathtered from the language used in the instrument submitted for construction, and that, when it can in this way be ascertained, arbitrary rules are not to be resorted to. If, however, two conflicting intentions are expressed, there is no alternative but to construe the deed by these rules even though they may be denominated arbitrary. 17 Am. & Eng. Eicy. Law, 2; 13 Cyc. (11) 604; 2 Dev. on Deeds (1st Ed.) §§ 836, 837; *Campbell v. Gilbert,* 57 Ala. 569; *Campbell v. Noble,* 110 Ala. 394, 19 South. 28; *May v. Ritchie,* 65 Ala. 602; *Green Bay, etc., Co. v. Hewitt,* 55 Wis. 96 12 N. W. 382, 42 Am. Rep. 701; *Maker v. Lazell,* 83 Me. 562, 22 Atl. 474, 23 Am. St. Rep. 795, 797; *Wilkins v. Norman,* 130 N. C. 40, 51 S. E. 797, 111 Am. St. Rep. 767; *Robinson v. Payne,* 58 Miss. 690. Looking alone to the granting clause in the deed in judgment, we think variant judicial opinions in respect to its meaning an impossibility. Indeed, it will not admit of, nor does it call for, construction. It is couched in language fully and accurately expressive of an intention to con-

30 R

vey to the grantee every interest the grantor owned in the lands conveyed, and to vest in the grantee a fee-simple estate.

But the plaintiffs insist that the part of the deed which precedes the granting clause manifests an intention of the grantor to convey the interest he owned in the lands or to which he was, by curtesy entitled as tenant for life; and, further, that this theory is strengthened and made more tenable by the habendum clause. If this be true, then, bearing in mind what has been said of the granting clause, two conflicting intentions are expressed, and the deed should be construed according to the well-recognized rules of interpretation. Authorities, supra. One of the cardinal rules is that deeds of bargain and sale founded upon a valuable consideration are to be construed most strongly against the grantor and in favor of the grantee.—*Seay v. McCormick,* 68 Ala. 549; 2 Devlin on Deeds, § 848, and cases cited in note 2 to the text; *Lamb v. Medsker,* 35 Ind. App. 662, 74 N. E. 1012; *Whetstone v. Hunt,* 78 Ark. 230, 93 S. W. 979; 8 Am. & Eng. Ann. Cas. 443; *Budd v. Brooke,* 3 Gill (Md.) 198, 43 Am. Dec. 321. Another is that the granting clause in a deed determines the interest conveyed, and that, unless there be repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory of or repugnant to it.—*Webb v. Webb's Heirs,* 29 Ala. 588, 606; *McMillan v. Craft,* 135 Ala. 148, 33 South. 26; *Gould v. Womack,* 2 Ala. 83; *Kershaw's Ex'rs v. Boykin,* 1 Brev. (S. C.) 301; *Huntingdon v. Havens,* 5 Johns. Ch. (N. Y.) 23; *Green Bay, etc. Co. Hewitt,* 55 Wis. 96, 12 N. W. 382, 42 Am. Rep. 701; 13 Cyc. 619, 666; 9 Am. & Eng. Ency. 139, and cases cited in note 1 to text on page 140; 17 Am. & Eng. Ency. 8, and cases cited in note 6;

Devlin on Deeds (2d Ed.) § 838a; *Wilkins v. Norman,* 139 N. C. 40, 51 S. E. 797, 111 Am. St. Rep. 767; *Berridge v. Glassey,* 112 Pa. 442, 3 Atl. 583, 56 Am. Rep. 322; *Whetstone v. Hunt,* 78 Ark. 230, 93 S. W. 970; 8 Am. & Eng. Ann. Cas. 443; 3 Wash. Real Prop. (6th Ed.) § 2360. The reason underlying the rule that introductory statements and recitals must yield to the granting clause is that they are non-essential to the validity of the deed, while the granting clause is its very essence. It has been said that the habendum must give way, because the granting clause is necessary to make the deed effective, while the habendum clause is not.—*Ratcliff v. Marrs,* 87 Ky. 26, 7 S. W. 395, 8 S. W. 876. And by another court it has been said: "It is a rule in the construction of deeds that of two repugnant clauses therein the first shall prevail against the second; and, according to this rule, the meaning of the premises shall not be changed by the words of the habendum as to irreconcilable differences."—*Chamberlain v. Runkle,* 28 Ind. App. 599, 63 N. E. 486; *Hunter v. Patterson,* 142 Mo. 310, 44 S. W. 250; *Budd v. Brooke,* 3 Gill (Md.) 198, 43 Am. Dec. 321, 338. If, as contended by appellants, the habendum attempts to qualify and limit the estate granted to a life estate, then there can be no doubt that it irreconcilably conflicts with, and is repugnant to, the granting clause, for that clause is without any ambiguity or obscurity, and unequivocally conveys all the estate owned by the grantor in the premises to the grantee absolutely. Upon the premises stated, and proceeding in accordance with the rules and principles enunciated, it seems clear that the prefatory recitals and the habendum should yield to the granting clause, in the deed here considered, and consequently that the deed should be held to convey all the interest of every description that the grantor owned in the premises to the grantee absolutely.

What has been written is not in conflict with any of our own decisions relied on by the appellants' counsel, when they are properly interpreted and applied. The cases referred to, it will be found upon investigation, enunciate correct rules in either of two categories: (1) When the granting clause is either silent or ambiguous; and (2) when it is necessary to give explanation or definition of words that are used in the premises of a deed. Thus the word "heirs" used in the premises may be construed by the aid of the habendum to mean "children," and vice versa. But the cases are not in point where there appears an irreconcilable conflict between the granting and habendum clauses.—*McCombs v. Stephenson*, 154 Ala. 109, 44 South. 867; *So. Ry. Co. v. Hays*, 150 Ala. 212, 43 South. 487; *Havens v. Sea Shore Land Co.*, 47 N. J. Eq. 365, 20 Ahl. 497; *Linville v. Greer*, 165 Mo. 380, 65 S. W. 579. But, if we take the deed and construe it by its "four corners," without resorting to any rule that requires the exclusion of any part of it, there may still be legitimately evolved from it, we think, an intention on the part of the grantor to vest in the grantee every interest he owned in the premises conveyed. Its several parts, read together, are consonant with this idea. The deed evinces care and precision in its preparation. Besides, the evidence without conflict shows that it was drawn by a trained lawyer. It should be construed in all its parts "with respect to the actual, rightful state of the property at the time at which the deed was executed." 2 Devlin, § 851, and cases cited in note 3 to the text. Of necessity, the plaintiffs' contention that the title is in them depends on the fact, or the assumption of the fact, that Barton F. Dickson had an interest in the land other than that of an estate by curtesy. Indeed, the uncontradicted testimony, as we have already recited, shows that he renounced his mari-

tal rights in the property of his wife, Katie E., and that
subsequently she executed to him a deed to all of her
property.   And this was the status of the property at
the time of her death, and at the time the deed to Searcy
was executed.   Dickson owned an absolute estate.   All
this being true, it seems that while the deed may mani-
fest doubt in the minds of the grantor and scrivener as
to the exact status of the grantor's title to the property,
and the extent of his interest, yet it evinces an intention
to pass to the grantee all the interest he possessed,
whether as tenant by curtesy or otherwise.   "Life estate"
would have covered all the estate the surviving husband
owned, if he claimed only an estate by curtesy; and
the words "and interest" would in such a state of the
case have been wholly unnecessary; but, having title
otherwise than by curtesy, it was necessary to employ
other words than "life estate" to cover and convey such
title, and the words "and interest" are apt to designate
and effectuate a conveyance of whatever other estate or
ownership he had in the property.—*Smith v. Crosby,* 86
Tex. 15, 23 S. W. 10, 40 Am. St. Rep. 818.   Thus read-
ing and construing the deed, we conclude that it was the
purpose of the grantor to convey his life estate, if no
more than that he owned, but, in all events, to vest the
grantee with all the title he owned.   This seems to be
the predominant intention as reflected by the granting
clause, and we think the habendum is reconcilable with
this view.   Such is the result obtained from a construc-
tion of the deed by its four corners, and the attendant
circumstances (shown without conflict in the testi-
mony) abundantly support the conclusion.   It follows
that the plaintiffs are without title to the property sued
for, and cannot take anything by their appeal.   It also
follows that the court erred in adjudging plainttiffs en-
titled to recover an undivided one-third interest in the

property sued for, together with damages for detention.

Upon the cross-appeal the judgment of the trial court is reversed, and a judgment will be here rendered to the effect that plaintiffs are not entitled to recover, and adjudging the costs of the suit in the court below, together with the costs of these appeals (direct and cross), against them.

Reversed and rendered on the cross-appeal.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.