DICKSON et al. v. WILDMAN et al.

(Circuit Court, N. D. Alabama, W. D. January 7, 1910.)

No. 50.

DEEDS (§ 97*)—CONSTRUCTION—INTEREST CONVEYED.

A deed recited that the grantor, as the survivor of his deceased wife, had a life estate in certain described real estate, which was a part of her separate estate, and that he had agreed to sell to the grantee his "life estate and interest" therein. The granting clause was of all his "right, title, interest, estate," etc., in the property, and the habendum was to have and to hold his "life-estate and interest, * * * and no more." He in fact had no life estate as the survivor of his wife, but held the title in fee simple, through a prior conveyance to him from her. Held that, conceding repugnancy between the different clauses of the deed as to the estate intended to be conveyed, under the rule of decision in Alabama that in such case the granting clause will prevail, the deed conveyed title in fee simple.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 267–273, 434–447; Dec. Dig. § 97.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Annie Dickson and others against Minnie Wild-man and others. On motion by defendants for peremptory instructions. Motion granted.

London & Fitts, for plaintiffs.

Collier & Scrivner and Ormond Somerville, for defendants.

GRUBB, District Judge. This was an action, in the nature of an action of ejectment, by which the title to two lots and storehouses in Tuscaloosa, Ala., was sought to be determined. The title of the plaintiffs depends upon the proper construction of a deed, admitted to have been executed by their father, B. F. Dickson, as heirs of whom they claim, to one Searcy, and which, omitting unessential parts, is as follows:

"Whereas, the late Mrs. Katie E. Dickson, now deceased, was seised and possessed in her lifetime in fee of the real property hereinafter described, * * * the same then being a part of the corpus of her statutory separate estate under the laws of Alabama; and whereas, Barton F. Dickson, who was the husband of the said Mrs. Katie E. Dickson, deceased, has survived her, and under and by virtue of the laws of said state became entitled to the use and occupation of said real property for and during the term of his natural life, and (since the death of said Mrs. Katie E. Dickson) he has been in the quiet and undisturbed possession and enjoyment of the same; and whereas, said Barton F. Dickson has agreed to sell to said Geo. A. Searcy his life estate and interest in the real property aforesaid: This indenture, made and entered into between Barton F. Dickson, party of the first part, and George A. Searcy, party of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of two thousand five hundred dollars, lawful money of the United States of America, to him in hand paid by the party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, and sold, and by these presents doth grant, bargain, and sell, unto said party of the second part, and to his heirs and assigns, forever, all of the right, title, interest, estate, possession, claim, and demand whatsoever, as well in law as in equity (of, in and to the following described real property), of said party of the first part, and of every part and parcel thereof, with the appurtenances; that is to say: That portion [here follows the description of the property conveyed, it being all the property in dispute, which description we omit]. To have and to hold all and singular the life-estate and interest which said party of the first part hath in the above mentioned and described premises, together with the appurtenances, and no more, unto said party of the second part, his heirs and assigns forever. In witness whereof said party of the first part sets his hand and seal this 4th day of December, 1883."

The specific inquiry is whether, by this deed, a life estate or an estate in fee simple was conveyed to Searcy. If the latter, it is conceded the plaintiffs would not be entitled to recover; no interest in the land sued for being left by it in their ancestor which they could inherit.

B. F. Dickson was the husband of Katie E. Dickson, from whom he acquired whatever interest he owned in the land sued for. Prior to his marriage, by written agreement, he relinquished his marital rights in the property of his wife. After his marriage, his wife, Katie E. Dickson, conveyed by deed to her husband, B. F. Dickson, the entire interest in the lots in controversy. At the time of the execution of the deed by B. F. Dickson to Searcy, Katie E. Dickson was dead.

It seems evident, from the circumstances surrounding the grantor, B. F. Dickson, as well as from the recitals of the deed itself, that both the grantor and his attorney, who drew the deed, were uncertain as to the exact or entire interest the grantor then had in the land. As a matter of law and fact, he had no estate by the curtesy in the land, having relinquished his marital rights therein, but did have an estate in fee simple by virtue of the deed from his wife. The draughtsman of the deed, however, seems to have been of the opinion that the grantor certainly owned an estate for life by the curtesy, and possibly a further interest therein. This being the situation of the party who drafted the deed, it seems to me to bear the construction of an intention to convey at all events the life interest, and also any other interest in the land the grantor may have had.

The deed is without any suggestion of intent on the part of the grantor to reserve in himself any interest in the land that he believed belonged to him. It is rather suggestive of his desire to convey all his interest in the land and of his caution to convey no more than he in fact owned. The words "life-estate and interest," used in the recitals and habendum, would ordinarily be considered equivalents; but, when construed in the light of the doubtful situation of the grantor and his attorney as to the status of the title, they seem to me to admit of different meanings—the "interest" referring to any estate, other than the estate by the curtesy, which the grantor may have owned, but as to the ownership of which he and his attorney were not well assured. The words "all and singular" in the habendum seem to give a several meaning to the hyphenated words "life-estate" and the word "interest," and the following words, "which said party of the first part hath" to qualify the word "interest" alone, signifying that, while a life estate was conveyed in specific terms, any additional "interest" conveyed was only such additional unknown interest as "said party of the first part hath," and "no more"; the office of the two latter words being to restrict the additional interest to such only as the grantor had when the deed was executed. The words "no more" do not seem to me to have been intended as a precaution against conveyance of an interest that the grantor had but intended to reserve, and not to convey, but against the attempted conveyance of an interest which the grantor did not own and had no right to convey. So construed, the recitals and habendum would not be inconsistent with the manifest intent of the grantor, as expressed in the granting clause, to convey all his interest in the land, whatever it was, by fee simple estate.

Construing the habendum and recitals to limit the estate conveyed to a life estate, reserving the remainder in fee, to the grantor, they are repugnant to the clear intent, expressed in the granting clause, to convey all the interest of the grantor, whatever it might be, reserving nothing to himself; and there is no way of reconciling this repugnance. Hence, if the latter construction be adopted, it could only render the deed free from doubt by ignoring altogether the granting clause. Considering the deed as an entirety, with its granting clause, such construction would not, therefore, relieve it from doubt and repugnancy.

The Supreme Court of Alabama has adopted as a rule for the construction of deeds that in cases of repugnance between particular clauses of a deed, as to the interest intended to be conveyed, the granting clause will prevail over the recitals or habendum. Gould v. Womack, 2 Ala. 83; Webb v. Webb, 29 Ala. 588; McMillan v. Craft, 135 Ala. 148, 33 South. 26; Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719. Its applicability, even as qualified by the language of the opinion in the case of McWilliams v. Ramsay, 23 Ala. 813, cannot be denied in this case, if the conclusion reached as to the uncertainty of the deed in its entirety, when construed as contended for by plaintiffs, is correct. In that case the Supreme Court of Alabama, referring to the rule, preferring the granting clause in case of a repugnance, as to the interest intended to be conveyed, between particular clauses in a deed (page 817), said:

"The rule, it is true, must still apply, where two clauses of a deed are utterly repugnant, and it is impossible from the other portions of the instrument to discover, with anything like certainty, the intention of the parties; but where that is clear from the whole deed the doctrine of repugnancy has no application."

To this extent, at least, this rule has become a settled rule of property in Alabama, and to be followed by the federal courts within the principle of the case of Barber v. Pittsburg Railway, 166 U. S. 83, 17 Sup. Ct. 488, 41 L. Ed. 925. In the case of Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719, a case between the identical parties to this suit, involving the construction of the same deed and the title to the same lands, the Supreme Court of Alabama held this rule to be a settled rule of property in Alabama, and applied it in the construction of the deed in controversy as granting an estate in fee simple. While the case is not conclusive on this court as an adjudication between the parties, nor, unless the rule, in the light of the previous decisions of the court, has become a rule of property, yet the holding of that court, construing its own previous decisions to this effect, should only be departed from because of compelling reasons, in view of the confusion and uncertainty of titles that would result from a different determination as to the validity of the title to land, depending upon the accidental circumstance as to whether the action was instituted in a state or federal court of the locality where the land was situated.

The request of the defendants for peremptory instructions is granted, and the jury is directed, in compliance with it, to return a verdict for the defendants.