SLAUGHTER et al. v. HALL et al.
(1 Div. 8.)

(Supreme Court of Alabama.   Jan. 24, 1918.)

1. LOGS AND LOGGING ⬥3(11)—CONVEYANCE OF TIMBER—CONSTRUCTION.

A deed granting to a logging company all the pine trees of a certain size upon certain lands and containing a habendum clause to have and to hold for the period of five years from this date within which to cut and remove the trees herein, etc., conveys only a title for five years and not a title absolute or in fee; Code 1907, § 3396, providing that every estate in lands is to be taken as a fee simple although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended, not applying, since the nature of the estate conveyed appears from other parts of the deed beside the granting clause.

2. DEEDS ⬥124(1) — ESTATE CONVEYED — STATUTE.

Code 1907, § 3396, providing that every estate in lands is to be taken as a fee simple although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended, refers to the deed or conveyance as a whole and is to be resorted to only when from the whole instrument it is doubtful what estate was intended to be conveyed.

3. LOGS AND LOGGING ⬥3(7)—TIMBER CONVEYANCES—CONSTRUCTION.

The rule of construction that, when there is a conflict or repugnancy between the granting clause and other clauses as to the estate intended to be conveyed, the granting clause controls, is not applicable to a timber conveyance, the granting clause of which grants an estate as "thereafter shown," where the other clauses thereafter show what estate was conveyed.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action in equity by Howell W. Slaughter and others against Mrs. E. C. Hall and others to quiet title. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Gregory L. & H. H. Smith, of Mobile, for appellants.   Jos. N. McAleer and Jas. H. Kirkpatrick, all of Mobile, for appellees.

MAYFIELD, J.   The action is to quiet, and to determine, title to timber on certain lands described in the bill.   The rights and titles of the parties appear to depend chiefly, if not exclusively, upon the proper construction of a certain deed conveying the timber. It is contended by appellants that this deed passed only a title to the timber for a term of years; while appellees contend—and the trial court seems to have held—that it passed the fee simple or absolute title to the timber in question.

The deed or conveyance in question contains the following granting clause:

"We [naming grantors] do grant, bargain, sell and convey to the said Tensaw Logging Company all the pine trees of sufficient size to make a log as much as twenty feet long and twelve inches in diameter at the small end, lying, standing or growing upon the following described lands," etc.

It also contains the following habendum clause:

"To have and to hold to the said Tensaw Logging Company, its successors and assigns, for the period hereinafter shown," etc.

The period "hereinafter shown" is as follows:

"The said Tensaw Logging Company is hereby given five years from this date within which to cut and remove the trees herein and hereby sold and conveyed and for that period we do hereby grant, and convey to the said Tensaw Logging Company," etc.

There are no other provisions or covenants in the deed or conveyance in question, which control the above-quoted provisions.

[1] We feel no hesitancy in construing this deed or conveyance as conveying only a title for a term of five years, and not a title absolute or in fee.   In fact, the instrument itself so speaks in terms, and nothing appears to indicate that the parties did not intend what they plainly said in their written contract.   The language here used is quite different from that used in the several conveyances heretofore construed by this court,

as conveying the fee to the timber although the right to use the land upon which the timber was growing was limited to a term of years.

In Graves v. Wheeler, 180 Ala. 412, 61 South. 341, the rule for construing conveyances like the one in question, in connection with our statutes as to the rights vested by conveyances, was discussed, and it was said:

"When the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed, it would no doubt be a fee-simple estate, under the terms of section 3396 of the Code of 1907; but, if the other clauses indicated the nature and character of the estate conveyed, there would be no room for the operation of the statute."

Applying this rule to the conveyance in hand, we hold this conveyance to pass title and estate to the timber only for a term of five years, and not the estate in fee.

Deeds or conveyances like the one here in question have never been construed as vesting any estate or title to the land on which the timber was, for a longer period than that mentioned in the instrument as limiting the right of removal of the timber from the land. In many cases, however, it has been held that the grant of the timber was absolute and in fee, although the grant as to the land or as to the right to remove was limited to an estate for years, or other time. This construction was grounded on the reasoning that, if the fee to the timber or trees conveyed had been intended to be limited, the deed or conveyance, in the granting, habendum, or other clause, would have so limited the grant as to timber, as it did the estate or right or title to the land, and time in which the timber should be so removed; that it was the absence of any such clause, limiting or qualifying the granting clause which was absolute, that forced the construction that the grant to the timber was in fee although the grant to the land was only for a term of years. There is nothing in the case of Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719, which holds to the contrary. There is really no conflict between the two cases cited above. In fact, both declare the same rules of construction.

[2] If the granting clause in the case at bar had expressly recited the estate conveyed, it would control as to the estate granted, over a contrary provision in other clauses or parts of the deed; but where a conveyance, as here, merely grants, without naming or defining the estate, then there is no conflict between such granting clause, and other subsequent clauses which fix or limit the estate conveyed. The statute providing when the deed or conveyance shall be construed as of a fee refers to the deed or conveyance as a whole, and not merely to the granting, habendum, or other clauses in the instrument. If the deed or conveyance, considered as a whole, construed by viewing it from its four

corners, clearly shows what estate was intended to be conveyed, then the statute has no field for operation. It is resorted to only when, from the whole instrument, it is doubtful what estate was intended to be conveyed. There is no repugnancy between any of the clauses in the instrument under consideration; hence, there is no occasion to resort to the rule of construction announced and applied in the Dickson-Van Hoose Case, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719, to the effect that, in cases of repugnancy between such clauses, the granting clause controls. Had the conveyance or deed in the Zimmerman Case, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, contained clauses like those in the deed here discussed and construed, it would never have been held in that case that the estate and title to the timber passed in fee to the grantee notwithstanding the right to remove the timber was limited to a term of years. In that case, the granting clause was like the one in this case without limitation, but the habendum clause was, "To have and to hold * * * to their successors and assigns forever." If in that case the habendum clause, or subsequent clauses, had contained language like the deed now under consideration, doubtless the court would have construed the deed in the Zimmerman Case as we do the one in question. The respective provisions of the two deeds are certainly sufficient to distinguish the decisions in the two cases.

In none of the cases following the Zimmerman Case were the provisions in the deed like the provisions in this case. It was expressly decided in the Zimmerman Case, 149 Ala. 395, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, that the construction to be placed upon similar deeds must be made to depend upon the particular language used in each particular conveyance or contract under consideration. In that case (149 Ala. 390, 42 South. 861, 9 L. R. A. [N. S.] 663, 123 Am. St. Rep. 58) it is said:

"If, in the present case, the intention of the grantors that the title to the timber should revert to them on failure of the grantee to cut and remove it within the time specified, it would have been an easy matter to have expressed it in the deed."

In the deed under consideration the grantor did take the pains to have the instrument so express his intention; that is, the grant was only for five years, and, as matter of law, after that all title and interest of the grantee would terminate, and of course would revert to the grantor.

[3] From the opinion filed by the learned chancellor we learn that, in construing the deed, he based his conclusion upon the statute, section 3396, which provides that "every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was

intended," and upon the cases which we have above referred to, and Southern Iron & Steel Co. v. Stowers, 189 Ala. 320, 66 South. 677, and Vizard v. Robinson, 181 Ala. 357, 61 South. 959, which merely followed the rules announced in the cases above discussed. The basic errors of the chancellor were: First, in reading the statute into the granting clause alone. The statute should be resorted to only when, from considering the instrument as a whole, there is a doubt as to the estate created. If by construing the instrument as a whole it is certain that a less estate than a fee simple was intended to pass thereby, then there is no need to resort to the statute. Such is the condition in the instant case. Second, in resorting to the rule of construction (as he did) that when there is a conflict or repugnancy between the granting clause and the other clauses as to the estate intended to be conveyed, the granting clause controls. Here there is no conflict or repugnancy. Here the granting clause merely grants an estate as "thereafter shown," and the other clauses thereafter show that an estate for five years only was conveyed.

It therefore results that the decree is erroneous; and it will be here reversed, and a decree will be here rendered to the effect that the complainants are the owners of the timber in question and that the defendants have no title thereto, and granting the relief prayed in the bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.