(96 South. 783)

**STANLEY v. DANIEL.**    (5 Div. 848.)

(Supreme Court of Alabama. June 7, 1923.)

1. **Logs and logging**  3(7)—**Rule that granting clause of deed controls introductory statements or recitals held inapplicable.**

The rule that, unless there is a repugnancy, obscurity, or ambiguity in the granting clause of a deed, it prevails over the introductory statements or recitals in conflict therewith, and over the habendum if that clause is contradictory or repugnant to it, *held* inapplicable to a deed which, though purporting to convey timber, might have been construed as a conveyance of part of the land on which such timber was located.

2. **Logs and logging**  3(7)—**Ambiguity and uncertainty in granting clause held to prevent its controlling instrument.**

The granting clause of a deed purporting to convey timber on certain property and stipulations therein immediately succeeding the description *held* sufficiently obscure, ambiguous, and uncertain as to what was intended to be conveyed to require reference to the whole instrument for explanation and prevent such granting clause from controlling.

**3. .Logs and logging ⬡⇒3(7)—Deed held grant of timber only, not realty on which it was located.**

A deed purporting to "grant, bargain, sell, and convey * * * all the standing timber * * * on the following described lands," but which in the second paragraph of the description of the land appeared to grant the land itself in fee simple, *held*, in view of other recitations, to grant only the timber.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action for damages by J. T. Stanley against J. T. Daniel. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The deed executed by plaintiff to defendant is as follows:

"State of Alabama, Elmore County.

"Know all men by these presents, that we Thomas Stanley and wife, S. A. Stanley, for and in consideration of twelve thousand five hundred ($12,500) dollars to us in hand paid by J. T. Daniel, the receipt whereof we do hereby acknowledge, have granted, bargained, sold, and conveyed, and by these presents do hereby grant, bargain, sell, and convey, unto the said J. T. Daniel,' his heirs and assigns, all the standing pine timber that will measure 12 inches and over in diameter, 12 inches above the ground, on the following described lands in Elmore county, Alabama, to wit:

"The southwest quarter of section 32, township 20, range 18; also the west half of the northwest quarter of the southeast quarter, section 32, township 20, range 18; also the southeast quarter of the southwest quarter of section 32, township 20, range 18; also all land east of Weoka creek, owned by the grantors in the southwest quarter of'the northwest quarter of section 32, township 20, range 18,- and containing on all about' 280 acres, more or less.

"Also all the following described property lying and being south of the Titus and Wetumpka public road: Northeast quarter, northeast quarter of the northwest quarter, east half of the southwest quarter of the southeast quarter, the west half of the southeast quarter of the southeast quarter, and northeast quarter of the southeast quarter, section 32, township 20, range 18; north half of the southwest quarter of section 33, township 20, range 18; east half of the southeast quarter of the northwest quarter and northeast quarter north of Pinkston creek, except 8 acres, in section 5, township 19, range 18, and except ten board trees.

"Also the following personal property: Two mules and wagon and harness, one sawmill complete and edger, engine, boiler and fixtures, and six steers and drays complete, yokes, chains, etc., and all lumber on mill cut, except bridge lumber.

"It is understood by and between the parties that the grantee shall have three years in which to remove said timber, but in case of fire or panic that interferes with the removing of said timber, then the grantee is to have five years in which to remove said timber, and should said J. T. Daniel, the grantee, at any time remove his mill from said premises, then he shall not have any rights to go upon said lands for the purpose of removing said timber.

"It is further understood that the grantee shall have a right of way over the above-described lands for the purpose of moving said timber off of said lands, and that he shall have the right to erect a sawmill on said land for the purpose of sawing said timber into lumber: Provided, however, that the grantee shall not damage any crop, and that he shall be careful and see that all gates are closed and all gaps put up, in hauling timber to and from said mill.

"To have and to hold the aforegranted timber unto the said J. T. Daniel, his heirs and assigns, forever; and we do covenant with the said J. T. Daniel, his heirs and assigns, that we are lawfully seized of the aforegranted timber, that it is free from all incumbrance, that we have a good right to sell and convey the said timber·to the said J. T. Daniel, his heirs and assigns, and that we will warrant and defend the timber unto the said J. T. Daniel, his heirs and assigns, against the lawful claims and demands of all persons.

"In witness whereof, we have hereunto set our hands and seals, on this the 24th day of April, 1920.

"[Signed] Thomas Stanley. [L. S.]
"S. A.· Stanley. [L. S.]"

F. Loyd Tate, of Wetumpka, for appellant.

The court erred in his construction of the deed and instructions to the jury in reference thereto. Slaughter v. Hall, 201 Ala. 212, 77 South. 738; Graves v. Wheeler, 180 Ala. 412, 61 South. 341.

Holley & Milner, of Wetumpka, for appellee.

Words of the granting clause will· prevail, where there is a conflict between that clause and the habendum. Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719. Deeds of bargain and sale are construed more strictly against the grantor. Vandergrift v. Shortridge, 181 Ala. 275, 61 South. 897.

GARDNER, J. Suit by appellant against appellee to recover damages, consequent upon the cutting of timber on lands described in the deed executed by plaintiff to the defendant on April 24, 1920. The lands described in the first paragraph of the description are known as the Briscoe lands, and those in the second paragraph as the Stanley lands. The trial court, construing the language of this deed, instructed the jury that by the deed the fee-simple title passed to the Stanley lands, and the assignments of error relating to this construction of the deed constitute the only question presented upon this appeal.

[1] As to this question counsel for appellee rely upon the rule found stated in Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719, and other authorities cited in the recent case of Reynolds v. Rey-

nolds, 208 Ala. 674, 95 South. 180, to the effect that the granting clause in a deed determines the interest conveyed, and that, unless there be repugnancy, obscurity, or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory of or repugnant to it. It is therefore insisted that the language used in the second paragraph of the description of the real estate indicates the conveyance of the fee-simple title to the land and not merely to the timber thereon, and that therefore this being a part of the granting clause it must prevail over any other provision of the deed; but, the rule recognized in the foregoing authorities is not applicable, if there be obscurity or ambiguity or uncertainty in the language of the granting clause.

It is to be noted that in this clause the pine timber appears to be the prime object of the grant; the language of the deed being:

"Do hereby grant, bargain, sell and convey * * * all the standing pine timber that will measure twelve inches and over in diameter, twelve inches above the ground, on the following described lands in Elmore county, Alabama, to wit."

Then follows the description of what is known as the Briscoe lands. Following this, appearing as a separate paragraph, is the description of the Stanley lands. Had the word "on" followed the word "also" in this description, the intention of the grantor would have been unquestioned that he also intended to convey only the timber on this tract of land likewise. Immediately succeeding the description appear two paragraphs having particular reference to the right of the grantee to remove "certain timber," and expressly providing that, should he remove his mill from the premises his rights to go upon said lands for the purpose of removing said timber shall cease, and also providing for a right of way over the above-described lands for the purpose of removing said timber, with proviso that the grantee shall damage none of the crops.

[2] We are therefore of the opinion that, considering the granting clause and the stipulations immediately succeeding the description, there is obscurity or ambiguity and uncertainty as to what was intended to be conveyed in the second paragraph, describing the Stanley land. We look, therefore, to the entire instrument, including the language of the habendum clause, for an explanation of the language used so as to determine the estate conveyed. Slaughter v. Hall, 201 Ala. 212, 77 South. 738; Graves v. Wheeler, 180 Ala. 412, 61 South. 341; 8 R. C. L. 1046; 2 Devlin on Deeds, § 840; note to Whetstone v. Hunt, 8 Ann. Cas. 443; 13 Cyc. 626 et seq.

[3] Looking to the habendum clause, the language is, "To have and to hold the aforegranted timber," and each of the covenants as to possession and title refer only to the "aforegranted timber." Indeed, considering the entire language of the deed, it very clearly appears that the grantor only intended to convey the standing timber upon the real estate and not the realty itself. So construing the description in the second paragraph referring to the Stanley land, it is seen there is no repugnancy between any provisions of the granting clause and the habendum or other clauses in the deed, but they are harmonized. The strict technical rule, therefore, of Dickson v. Van Hoose, supra, is without application, and the trial court committed error in his construction of the deed.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.