15915

CRESSWELL v. BANK OF GREENWOOD ET AL.

(41 S. E. (2d) 393)

48

*Messrs. N. A. Harrison* and *W. K. Charles,* of Green-wood, for Appellant, cite:

*Messrs. Grier, McDonald, Todd* and *Burns,* of Green-wood, for Respondents, cite:

February 14, 1947.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court.

This appeal challenges the correctness of the judgment of the Court of Common Pleas for Greenwood County that fee simple title was conveyed by the deed of Henry H. Creswell to his son, Henry Garlington Creswell, dated February 23, 1891. The conveyance was of 132 1/2 acres of land located in what was then Abbeville County, now Greenwood. The deed was recorded May 9, 1891, in Abbeville and on October 26, 1916, in subsequently created Greenwood. The original was not produced at the trial and there were put in evidence the records of it in both counties. There were slight, we think immaterial, differences in the recordations (of the *habendum* and subsequent clauses) in the respective counties, but we reproduce both of them, that first below being copy of the Abbeville record, and the other that of Greenwood:

"To hold and by these presents to hold unto my said son, Henry Garlington Creswell, the said tract of land containing as above stated. To be his—his heirs—and assigns forever, subject in all cases to the conditions of the gift below.

"Now the above gift is made with the express understanding that the above-described property in lands is hereby Entailed upon the said Henry Garlington Creswell and his lawful heirs or heirs from a lawful marriage. It shall be held for his exclusive benefit and not subject in any wise for his debts made now or made in future transactions. I therefore entail this property as above stated and ordain it shall not be taken for his debts of any character."

\* \* \* \*

"To have and by these presents to hold until my said son, Henry Garlington Creswell, the said tract of land containing as above stated.

"To be his, his heirs and assigns forever, subject in all cases to the conditions of the gift below.

"Now the above gift is made with the express understanding that the above-described property in lands is hereby Entailed upon the said Henry Garlington Creswell and his lawful heirs or heirs from a lawful marriage. It shall be held for his exclusive benefit and not subject in any wise for his debts, made now or made in future transactions.

"I therefore entail this property as above stated and ordain it shall not be taken for his debts of any character."

There were no discrepancies in the recordings of the granting clause of the deed, which was as follows: "KNOW ALL MEN by these presents that I, Henry H. Creswell, of the State and County aforesaid, for and in consideration of the natural affection I have for my son, Henry Garlington Creswell. I do hereby grant and give to him a tract of land situate", etc.

The grantee had a living son at the time of the conveyance, who survived as his sole heir-at-law. He is the plaintiff in the present action, now appellant. His father, the grantee in the questioned deed conveyed the land by way of several mortgages which were foreclosed by action and the resulting sale and Master's deed make the source of title of the respondents. Henry Garlington Creswell died in 1936 after losing the land by foreclosure, as said, and this suit was brought by his son and only heir for the possession of the property, claiming it as remainderman under the terms of the deed.

Appellant contends by his exceptions that a fee simple estate was not conveyed by the deed which should be construed to be a convenant to stand seized to uses, whereby the grantee took a like estate with remainder in fee to his child, the

appellant, and further that there was (in any view) vested in the grantee only a life estate, and that the Rule in *Shelley's case* does not apply.

·It is elementary that in the absence of words limiting the estate in the granting clause of a deed, reference will be had to the *habendum* to ascertain the estate granted. Indeed, the form prescribed by the Code to convey fee-simple title contemplates that only the *habendum* shall contain the definitive terms whereby the estate is created and limited. Section 8694. The deed here contained in its *habendum* the usual and statutory words of inheritance, by which a fee ·simple is created—to the grantee "his heirs and assigns forever". Their absence from a granting clause was supposed, for the sake of argument, in *McDaniel v. Connor*, 206 S. C. 96, 33 S. E. (2d) 75, with the following result, quoted from the opinion : "Suppose the words 'his lawful heirs after him' had been omitted from the granting clause, after the name of the grantee, could there be any doubt of the grantor's intention and the legal effect of the deed, in view of the *habendum*, regular and statutory in form to vest the fee-simple title? Undoubtedly, no. Then, does the presence of the quoted words indicate an intention to restrict the named grantee to a life estate (otherwise not done by the terms of the deed) and create remainders in his children (which is appellants' contention) ? Plainly again, no". The case in hand presents the converse. No words descriptive of the estate conveyed occur in the granting clause, which absence would imply a life estate in the grantee, but the *habendum* supplies the omission and supplants the implication.

Again, it is elementary that a provision in a legal deed against liability of the property conveyed for the debts of the grantee is void for the simple reason that it is inconsistent with the estate granted. *Son v. Shealy,* 112 S. C. 312, 99 S. E. 825. *Berry v. Hughes,* 140 S. C. 371, 136 S. E. 846.

Application of the stated rules reduces our problem to consideration of the effect, if any, of the condition attempted

to be added to the fee by the evidently inexperienced author of the deed, as follows, quoting: 'Now the above gift is made with the express understanding that the above-described property in lands is hereby Entailed upon the said Henry Garlington Creswell and his lawful heirs or heirs from a lawful marriage."

It is seen from the fuller quotation hereinabove that there is a repetition of the verb "entail", which, however, must be dismissed from consideration for it is meaningless in this state, although often mistakenly used by laymen, because the statute *De Donis,* 13 Edw. 1, c. 1, was not adopted here and therefore the estate of fee tail has never existed. On the contrary, and as a result of refusal to accept that English statute, the estate of fee conditional does exist in this jurisdiction. *Blume v. Pearcy,* 204 S. C. 409, 29 S. E. (2d) 673, and the earlier authorities there cited.

Deeds drawn by unskilled draftsmen present unending variations in terminology so in the many cases involving construction of them, none duplicates another. Rarely is so close a precedent found as is presented for this case by *Sandford v. Sandford,* 106 S. C. 304, 91 S. E. 294. There the *habendum* and following clauses of the deed were: "To have and to hold all and singular the said premises before mentioned unto the said G. F. Sandford, his heirs and assigns, forever. The conditions of sale of the within piece of land are as follows: That the said G. F. Sandford is not to mortgage or in any wise dispose of said land. And after his death it is to go to his wife and his and her children". The court decided briefly and clearly, as follows: "The deed conveyed to Govan F. Sandford a fee simple. There can be no doubt about that. There can be no doubt that a remainder, after a fee simple, is void in a deed. It is equally clear (and no citation of authorities is necessary) that an attempt to convey an estate in fee simple and deprive the purchaser of the incidents of ownership is not effective in law. When Jesse Sandford conveyed the land to Govan F. Sandford, and 'his heirs and assigns, forever', the entire estate was gone from Jesse Sandford,

and he had nothing to limit. A grantor may add to the estate conveyed by subsequent clauses, because he may make a new grant of additional rights. The grantor cannot restrict the grant, because the thing granted is gone".

The *Sandford case* is cited with approval in the luminous decision in *Antley v. Antley,* 132 S. C. 306, 128 S. E. 31, to support the rule that once the fee, whether fee simple or fee conditional, is granted, subsequent or superadded words cannot cut down the estate. Later approving citations are found in *Keels v. Croswell,* 180 S. C. 63, 185 S. E. 39, and *Sims v. Clayton,* 193 S. C. 98, 7 S. E. (2d) 724.

In view of the construction so plainly necessary (that title in fee was vested in the grantee perforce the terms of the deed) it is needless to indulge the presumption urged by appellant that a life estate passed by the deed to appellant's parent with remainder to his heir (the appellant), and thereupon consider the applicability of the rule in *Shelley's case,* which we shall therefore not do. *Shealy v. Shealy,* 120 S. C. 276, 113 S. E. 131.

There remains for consideration appellant's position that the deed created a covenant to stand seized. But we do not find the earmarks of that unusual form of conveyance. It appears that appellant did not take or argue this view before the Circuit Court, which really makes it unavailable to him on appeal. It is not treated in the circuit decree which is otherwise comprehensive and was prepared with manifest care and deliberation. However, we think that short shrift may properly be made of the contention.

A covenant to stand seized was originally a device of equity whereby the rigid rules of the common law were circumvented in order to effectuate the manifest intention of the maker of a deed to grant a freehold to commence in the future and sometimes, at least, despite absence of the technical words necessary at common law to effect the conveyance intended by the instrument. This history was

last stated briefly by this Court in the opinion in *McDaniel v. Connor, supra.* A more extensive collection of our relevant cases than is there found is in 12 S. E. D. 132, 133, Deeds, keynumber 24, and some of them are noticed in 11 A. L. R. 28, 32, 35, 36 *et seq.* In every one of them cited in the briefs, and in the others which we have read for the purpose of this opinion, the grants upheld as covenants to stand seized took effect after the reservation of a life or similar estate or equivalent to the grantor. The very name of the device bespeaks the necessity of this feature—"a covenant to stand seized". In the case in hand it is not present for the deed quite clearly shows the intention of the grantor to divest himself completely and absolutely of possession and estate in the land conveyed. Seisin and possession went with it. There was no reserved life or similar estate or possession and no words to create an estate in future which was then withheld. These considerations are convincing that the deed is not a covenant to stand seized.

The conclusion reached by the lower court, which we affirm, with respect to the construction of the deed, is inevitable under our fixed rules of law which leave no room for speculation upon the intent of the grantor. The latter is to be achieved in the construction of writings, if ascertainable therefrom and consistent with applicable legal principles; but intention is unavailing to avoid the latter where words of settled legal import are used and contrary principles are encountered. In such cases the intention will be conclusively presumed to accord with the established meaning of the words and to conform to the fixed rules of construction. Otherwise there would be little stability of land titles. *Wilson v. Watkins,* 48 S. C. 341, 26 S. E. 663; *McMillan v. Hughes,* 88 S. C. 296, 70 S. E. 804; *Sandford v. Sandford, supra; Gowdy v. Kelley,* 185 S. C. 415, 194 S. E. 156.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.