Marshall C. Hester died in Franklin County, Alabama, in 1969, He left a Last Will and Testament, the subject of this litigation, the pertinent parts of which provide:
 ITEM II. I hereby bequeath to each of my brothers and sisters, and to my brother-in-law, TARPLEY BOLDING, and to my niece, BEATRICE M. HENDRIX, the *Page 991 
sum of FIVE HUNDRED AND NO/100 DOLLARS ($500.00) each. In the event any of the above named parties should be deceased at the time of my death their heirs shall receive said sum. My executrix, hereinafter named, shall pay this bequest out of any cash on hand at the time of my death, or out of personal property owned by me at the time of my death, if possible.
 ITEM III. If my wife, EARL M. HESTER, survives me until my will is probated, I hereby give, devise and bequeath unto the said EARL M. HESTER, all property owned by me at the time of my death, the same to include real estate, personal property, money, stocks, bonds, choses in action, and any and all property, or rights in property, of every kind and character. It is my will that my executrix, hereinafter named, as long as she serves, and then my wife, shall keep my estate separate so that upon the death of my wife the balance remaining of my estate, I do hereby devise and bequeath to my brothers and sisters all of the remaining part of my estate, share and share alike. It is my will that if any of my brothers and sisters should be deceased that their heirs shall receive their portion of said estate. It is also my will that my wife, EARL M. HESTER, is authorized to sell and convey any part of my estate, including real estate, as she may see fit.
 ITEM IV. If my said wife, EARL M. HESTER, should not survive me until my will is probated, then and in that event, I hereby devise and bequeath all property owned by me at the time of my death, as stated above, to my brothers and sisters, in equal parts, and if any of my said brothers or sisters should be deceased at said time, then his or her heirs shall receive the part that my said brother or sister would have taken.
 ITEM V. I hereby nominate and appoint my niece, BEATRICE M. HENDRIX, to be the Executrix of this my Last Will and Testament, and it is my will that she be not required to file any bond as such executrix. I hereby authorize, direct and empower my said executrix with the right to sell and convey any and all of my estate, including real estate, as she may think best. It is further my will that my said executrix be not required to file an inventory of my estate.
The widow filed an action for declaratory judgment requesting the court to specify the rights of the parties under this will. The complaint alleged that disagreement had arisen between the widow and the executrix concerning who was empowered by the will to dispose of any and all of the personal and real estate of the decedent.
The facts were stipulated and, based upon those facts and a consideration of the will, the trial court entered a judgment holding that:
 [T]he Will gives without reservations, Earl M. Hester, all properties, both real and personal held in the name of Marshall C. Hester on the date of his death. The Court further finds that even though the Will . . . gave permission for the Executrix to dispose of said property, the Court is of the opinion that this occurrence would only come to pass in the event that there was insufficient means to pay the bequests and claims against the estate out of the personal assets of the estate, and the Court finds from the file and the stipulation that such is not the case.
From this judgment, the executrix has appealed.
We affirm.
This Court, as has all others, has held that the intention of the testator is the polestar in any will construction case. That intention is to be found from the four corners of the instrument, where possible. Cates v. Bush, 295 Ala. 256, 326 So.2d 742
(1976); Crippled Children's Foundation v. Cunningham,346 So.2d 409 (Ala. 1977).
It is frequently stated that where an estate or interest is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning *Page 992 
of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Ralls v. Johnson,200 Ala. 178, 75 So. 926 (1917); Pearce v. Pearce, 199 Ala. 491,74 So. 952 (1917).
These are merely rules of construction which courts utilize in their quest for ascertaining the testator's intention, for, after all, it is not the function of the court to make a will for the testator, but, instead, it is the court's function to carry out that will to the extent that the intention can be ascertained.
Applying those rules to the will at hand, we are constrained to agree with the trial judge that, by Item III, the testator left his property to his wife. Although the expression "in fee simple" is not used in the will, the language which is used, "allproperty owned by me at the time of my death, the same to includereal estate, personal property, money, stocks, bonds, choses inaction, and any and all property, or rights in property, of everykind and character," evinces an intention on the part of the testator that his wife have what the law describes as a fee simple title. The words which follow indicate that it is the wish of the testator that should any property of his remain at the death of his wife, his brothers and sisters were to share in that property. However, the testator makes a specific bequest to his brothers and sisters in Item II of his will and makes another specific bequest to them in the event his wife should not survive him. But, in Item IV, he leaves all his property to his wife, then expresses a desire that should any remain after her death, it will go to his brothers and sisters, but in the same item, gives his wife the authority to sell and convey any of his property, including real estate, as she sees fit.
Clearly, the clauses of the will create an ambiguity, but we agree with the trial court that the testator intended that his property go to his wife absolutely, and then expressed a desire that if any remained at her death, it go to his brothers and sisters. We think the rule expressed above to the effect that an estate having been given in one clause of a will, a subsequent clause cannot be used to diminish that estate, is applicable here.
We think the trial court reached the correct result in this case and, therefore, affirm the judgment appealed from.
AFFIRMED.
MADDOX, JONES and BEATTY, JJ., concur.
TORBERT, C.J., concurs specially.