MADDOX, Justice.
This case involves the construction of the last will and testament of J.B. Byrd, a banker in Enterprise, Alabama, who died in 1950. The plaintiffs, 15 nieces and nephews of Mr. Byrd, appeal from a summary judgment entered in favor of the defendant, J.W. Henderson, who is the executor of the estate of Mildred Byrd Greene, J.B. Byrd’s last surviving child. We affirm in part and reverse in part.
At the time of his death on July 6, 1950, J.B. Byrd was survived by his two daughters, Mildred and Pauline, and five brothers and sisters. J.B.’s will, which was duly executed and probated, contained 13 paragraphs; it left substantial property to various persons, but at issue in this case is the legacy to his two daughters, Mildred and Pauline.
In paragraphs three and four of his will, J.B. left Pauline and Mildred his household furnishings, some jewelry, and the sum of $7500. In paragraphs nine and ten, J.B. left the two daughters 75 shares each of stock in his Enterprise Banking Company, with the provision that if either of the two daughters had predeceased the other before J.B.’s death, the surviving daughter would inherit all 150 shares. It is paragraph eleven that is the major source of contention in this case, and for the sake of clarity we will reproduce the relevant portion in its entirety:
“All of my cash on hand, bank accounts, bonds, and all other personal or mixed property of every kind and description, including the proceeds for the sale of said bank stock and the sale of my insurance business and agencies, of which I may be seized, own or possess at the time of my death, I will, devise, and bequeath to my said daughters, Pauline Byrd Burdeshaw and Mildred Byrd Brown [Greene], share and share alike, to be held and owned by them with absolute power of disposition, but if either of my two said daughters predecease the other, then I will and bequeath to the survivor of my said daughters, with absolute power of disposition, all that remains of said personal property, and upon the death of my said daughters, I will, devise, and bequeath the net income from all that remains to my brothers and sisters surviving both of my daughters share and share alike, such income to be disbursed to them annually, for and during their natural lives. Upon the death of all my brothers and sisters and both of my said daughters, then I will, devise, and bequeath such property, or the undisposed portion thereof, to such of my nephews and nieces by consanguinity as shall survivor [sic] both of my said daughters and all of my said brothers and sisters, absolutely and in fee simple, share and share alike. It is my will that any property purchased by my daughters, or either of them, from the proceeds of said bank stock and insurance business, or from the proceeds of any of my other personal property and owned by them at the time of their death, shall be disposed of in accordance with the provisions of this paragraph of my will. In the event my said daughter, or either of them, should dispose of any or all of the personal property described in this paragraph, they are empowered to and directed to make such sale or sales and execute proper conveyance, and no order of court or other court proceedings shall be required as a prerequisite to either the sale or the execution of such conveyance or conveyances .... ”
When J.B. died in 1950, his executor, the defendant, distributed the stock and personal property to Mildred and Pauline. All five of J.B.’s siblings had passed away by 1960. Pauline passed away in 1982 and Mildred passed away in 1989; neither woman ever had or adopted any children.
After Mildred Greene’s death, her will was offered for probate by J.W. Henderson in the Coffee County Probate Court. The administration of the will was later removed to the Circuit Court of Coffee County. While the administration was pending, the 15 nieces and nephews filed a complaint in intervention against Henderson in the Circuit Court of *433 Coffee County. The complaint contained 1) a request that the court construe J.B. Byrd’s ■will, to hold that the property left by him to Mildred was subject to a life estate; 2) a request to construe Mildred Greene’s will so as to separate the life estate property so that the plaintiffs could receive it; 3) a petition to declare releases (signed by the plaintiffs) on Mildred Greene’s estate null and void, and 4) a count alleging breach of fiduciary duty against J.W. Henderson, in regard to the sale of certain property from the Byrd estate. After hearing oral argument, the trial court granted the defendant’s motion for summary judgment, holding that the contested property passing to Pauline and Mildred by way of J.B. Byrd’s will had passed to them absolutely. In addition, the trial judge ruled for the defendant on Counts Five and Six of the plaintiffs’ complaint (alleging fraud), on the grounds that these counts concerned the estate of J.B. Byrd, and that to delay the disbursement of assets in the Greene estate in order to litigate the Byrd matter would prejudice Mildred Greene’s heirs. The plaintiffs’ first appeal was dismissed by this Court on May 19, 1993, as being from a nonfinal judgment; this present appeal followed after the trial court entered a final judgment on February 18, 1994.
J.W. Henderson, the defendant and executor of both J.B. Byrd’s will and Mildred Greene’s will, contends that paragraph eleven of J.B. Byrd’s will passed his property to his daughters absolutely. The plaintiffs, 15 of J.B.’s nieces and nephews, contend that paragraph eleven gave Mildred and Pauline a life estate in all of the property named in paragraphs three, four, nine, ten, and eleven, and that this property should pass to them now that Mildred has died. Additionally, the plaintiffs contend that the summary judgment was improperly entered in regard to allegations of fraud in Counts Five and Six of their complaint. We agree with the defendant that the property passed to the two women absolutely, and we affirm the summary judgment as to that issue. We conclude, however, that the summary judgment was improper as to the allegations of fraud, and we remand the case for a trial on these allegations.
The plaintiffs cite Bell v. Killian, 266 Ala. 12, 93 So.2d 769 (1957), in which this Court noted that if a testator makes a general devise without defining the extent of the estate he wishes to create, and subsequently provides for a remainder in the same property, it only seems logical to assume that he intended to qualify or limit the initial gift. They argue that J.B. Byrd bequeathed the property in paragraphs Three, Four, Nine, and Ten to his daughters without defining the extent of the estate he wished to create, and that paragraph Eleven then limits the disposition of these items, making them subject to a life estate. We find this argument unpersuasive, and note another rule of construction contained in Bell:
‘When there is an unqualified provision in a will creating ‘an absolute estate in clear and decisive terms’ it is obvious that any subsequent clause which attempts to cut down or qualify this estate is repugnant to the first clause. Therefore, the courts have soundly reasoned that the intention of the testator to cut down an initial gift of an absolute estate must be in clear and decisive terms in order to have effect.”
Bell v. Killian, 266 Ala. 12, 18, 93 So.2d 769, 774-75 (1957).
We cannot hold, as the plaintiffs urge, that J.B. Byrd bequeathed his property to his daughters (in paragraphs three, four, nine and ten) without defining the extent of the estate that he wished to create. The intention to create a lesser estate must clearly appear, for the courts will not construe a grantor’s words as conveying a lesser estate if clearly a different meaning can be given them. Hendrix v. Hester, 385 So.2d 990 (Ala.1980); Hacker v. Carlisle, 388 So.2d 947 (Ala.1980). Additionally, under § 35-42, Ala. Code 1975, the presumption is, and all doubts are resolved in favor of, a fee simple estate. Hacker v. Carlisle, 388 So.2d at 950.
In regard to paragraph eleven, we also hold that the property mentioned therein passed to Mildred Greene and Pauline Bur-deshaw absolutely. The first sentence of the paragraph passes the property to the daughters “to be held and owned by them with absolute power of disposition,” and then goes further to direct the legacy if both daughters *434 are deceased at the time of J.B. Byrd’s death. We are unconvinced by the plaintiffs’ contention that this bequest created a life estate coupled with an absolute power of disposition. If it was J.B. Byrd’s intention to cut down or limit his initial gift of an absolute estate, he failed to do so in sufficiently clear and decisive terms for this court to hold that a life estate alone was intended for his two daughters. See Hendrix v. Hester, 385 So.2d 990 (Ala.1980).
In addition, we note that in paragraphs two and five of his will J.B. Byrd left certain real estate to his daughters “for and during [their] natural live[s],” with the remainder to pass to his siblings and then to his nieces and nephews. There is no ambiguity in these bequests; it thus should follow that if J.B. Byrd intended the other property in the will to pass subject to a life estate, he would have done so with the clarity used to pass this property in his will. When the language of a will is clear and unambiguous, the rules of construction cannot be employed to rewrite that will and put it at variance with the meaning of the language used by the testator. Pate v. Edwards, 388 So.2d 544, 545 (Ala.1980).
The plaintiffs contend alternatively that paragraph eleven of the will must be given effect over paragraphs three, four, nine, and ten because of an irreconcilable difference between the provisions. They cite Patterson v. First National Bank of Mobile, 261 Ala. 601, 606, 75 So.2d 471, 475 (1954), for the proposition that “[w]here there is an irreconcilable difference between two clauses or provisions of a will the last clause generally prevails as the latest expression of the testator’s intention.” We find no irreconcilable difference between the clauses; because each clause passes property to the daughters absolutely, this argument must fail. In addition, the plaintiffs urge this Court to consider the circumstances surrounding J.B. Byrd at the time he executed his will. Because we find no ambiguity in the will, we need not do so.
The plaintiffs next contend that the trial judge improperly entered the summary judgment for the defendant on Counts Five and Six of their complaint, which allege fraud in regard to the sale of certain property from J.B. Byrd’s estate. The trial judge found that these counts had nothing to do with the estate of Mildred Greene and that to allow them to remain would prejudice Greene’s heirs by delaying the distribution of her estate; the judge held that delaying distribution would violate the intent of Rule 24, Ala.R.Civ.P. The plaintiffs contend that they are free to bring such claims against the defendant under Rule 18(a), Ala.R.Civ.P., or, in the alternative, that the trial judge should have ordered a separate trial on these claims, pursuant to Rule 42(b), Ala.R.Civ.P.
After examining the record, we agree with the trial judge’s determination that Counts Five and Six have nothing to do with the distribution of the estate of Mildred Greene. While Mrs. Greene had possessed a life estate in the property that is the subject of these counts, it terminated at her death and was not part of her estate. We agree with the trial judge’s conclusion that to include these counts in this action would delay the distribution of Mildred Greene’s estate and would prejudice her heirs. However, we conclude that the judge erred in entering a summary judgment on these counts; the proper action, as the plaintiffs contend, would have been to order a separate trial pursuant to Rule 42(b), Ala.R.Civ.P. Therefore, we reverse the summary judgment as to these two counts and remand the case for a trial on those counts.
AFFIRMED IN PART AND REVERSED IN PART.
SHORES, KENNEDY and COOK, JJ., concur.
ALMON, J., concurs in the result.